**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| SUMMERS MANUFACTURING COMPANY, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRI-COUNTY AG, LLC AND TRI-COUNTY IRON, LLC,<br><br>　　　　Defendants. | Case No. 4:17-cv-186-RGE-CFB<br><br>**DEFENDANTS' FIRST AMENDED ANSWER, AFFIRMATIVE AND ADDITIONAL DEFENSES, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**<br><br>**JURY DEMAND** |

Defendants Tri-County AG, LLC and Tri County Iron, LLC ("Defendants") submit their First Amended Answer and Affirmative and Additional Defenses to Plaintiff Summers Manufacturing Company, Inc.'s Complaint as follows:

## NATURE OF THIS ACTION

1.　　Admitted.

## PARTIES

**A.　　Plaintiff**

2.　　Admitted.

3.　　Defendants admit that true and correct copies of the '439 and '737 patents (hereinafter "the Patents-in-Suit") are attached as Exhibits A and B to the Complaint. The remaining allegations of Paragraph 3 are denied for lack of information or knowledge.

4.　　Defendants admit that Plaintiff sells various types of farm equipment. The remaining allegations of Paragraph 4 are denied for lack of information or knowledge.

**B.     Defendants**

5.     Admitted with qualification. Defendant Tri-County Ag, LLC's principal place of business is located at 13773 North Avenue, Bouton, Iowa 50039.

6.     Admitted.

7.     Defendants admit that Tri-County Iron, LLC has manufactured and sold a mud scraper product that can be retrofitted to a John Deere 2720 or 2730 Model rolling basket (hereinafter "the Mud Scraper"). Defendants deny the remaining allegations of Paragraph 7.

## JURISDICTION AND VENUE

8.     Admitted.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Defendants admit that Defendant Tri-County Iron, LLC maintains a Facebook page that displays visual depictions of the Mud Scraper. Defendants deny the remaining allegations of Paragraph 14.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied. Defendants admit they are subject to personal jurisdiction in the United States District Court for the Southern District of Iowa.

20. Defendants admit that venue is proper the United States District Court for the Southern District of Iowa.

## FACTUAL BACKGROUND

**A.  Summer and the Patented Summers Basket**

21. The allegations of Paragraph 21 are denied for lack of information or knowledge.

22. The allegations of Paragraph 22 are denied for lack of information or knowledge.

23. The allegations of Paragraph 23 are denied for lack of information or knowledge.

24. The allegations of Paragraph 24 are denied for lack of information or knowledge.

25. Defendants deny that the Summers Basket is an innovation. The remaining allegations of Paragraph 25 are denied for lack of information or knowledge.

26. Defendants deny that there were no other rolling baskets with internally mounted mud scrapers to keep the baskets clean. The remaining allegations of Paragraph 26 are denied for lack of information or knowledge.

27. The allegations of Paragraph 27 are denied for lack of information or knowledge.

**B.  Tri-County's Infringing Product and Activities**

28. Defendants lack information or knowledge regarding when "Summers introduced the Summers Basket." Accordingly, the allegations of Paragraph 28 are denied for that reason.

29. Defendants admit that Defendant Tri-County Iron, LLC has retrofitted the Mud Scraper into a John Deere rolling basket for promotional purposes. Defendants deny the remaining allegations of Paragraph 29.

30. Defendants admit that Defendant Tri-County Iron, LLC provided instructions to customers on how to install the Mud Scraper. Defendants deny the remaining allegations of Paragraph 30.

    31.    Denied.

    32.    Denied.

    33.    Denied.

    34.    Denied.

**C.**    **Infringement of the '439 Patent**

    35.    Denied.

    36.    Denied.

    37.    Denied.

    38.    Denied.

    39.    Denied.

    40.    Denied.

    41.    Denied.

    42.    Denied.

    43.    Denied.

**D.**    **Infringement of the '737 Patent**

    44.    Denied.

    45.    Denied.

    46.    Denied.

    47.    Denied.

    48.    Denied.

    49.    Denied.

    50.    Denied.

**E.     Tri-County's Willful Disregard of Summers's Patent Rights**

51.     Defendants admit they received the letter attached as Exhibit D to the Complaint from Plaintiff's counsel.  The contents of that letter speak for themselves.  Defendants deny the remaining allegations of Paragraph 51.

52.     Defendants admit that they sent the letter attached as Exhibit E to the Complaint to Plaintiff's counsel.  The contents of that letter speak for themselves.  Defendants deny the remaining allegations of Paragraph 52.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

## FIRST CAUSE OF ACTION

**(Infringement of U.S. Patent No. 9,326,439)**

58.     Defendants incorporate by reference their responses to paragraphs 1-57 of the Complaint as if set forth fully herein.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

WHEREFORE, Defendants respectfully request that Plaintiff's First Cause of Action be dismissed at Plaintiff's costs.

## SECOND CAUSE OF ACTION

### (Infringement of U.S. Patent No. 9,462,737)

72. Defendants incorporate by reference their responses to paragraphs 1-71 of the Complaint as if set forth fully herein.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84.     Denied.

85.     Denied.

86.     Denied.

WHEREFORE, Defendants respectfully request that Plaintiff's Second Cause of Action be dismissed at Plaintiff's costs.

## **AFFIRMATIVE AND ADDITONAL DEFENSES**

Defendants Tri-County AG, LLC and Tri County Iron, LLC allege and assert the following defenses in response to the allegations of Plaintiff's claims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Defendants specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery.

### **First Affirmative Defense**

Defendants have not directly or indirectly infringed, and is not directly or indirectly infringing, any claim of the '439 patent or the '737 patent, either literally or under the doctrine of equivalents.

### **Second Affirmative Defense**

The claims of the '439 patent and the '737 patent, including claim 1 of each patent (which are the only claims of which infringement is alleged) are invalid for failing to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112. Specifically, the '439 patent and '737 patent are invalid in view of at least European Patent EP 1639876, as well as the references cited in the '439 patent and '737 patent themselves, all of which are legal prior art to the '439 and '737 patents.

### Third Affirmative Defense

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent applications that led to the '439 patent and the '737 patent, from asserting that the claims of said patents are infringed by Defendants' products.

### Fourth Affirmative Defense

To the extent that Plaintiff or its predecessor(s) have failed to comply with the marking requirement of 35 U.S.C. § 287(a), Plaintiff's claim for damages is barred, in whole or in part.

### Fifth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### PRAYER FOR RELIEF

WHEREFORE, Defendants Tri-County AG, LLC and Tri County Iron, LLC pray for relief as follows:

A. Plaintiff take nothing by way of his Complaint, and that its Complaint be dismissed in its entirety, with prejudice;

B. A finding that this is an exceptional case under 35 U.S.C. § 285 and an award of Defendants' reasonable attorney fees;

C. An award of attorneys' fees for unreasonable and vexatious litigation under 28 U.S.C. § 1927;

D. Defendants be awarded their costs and expenses incurred herein; and

E. Defendants be awarded such other and further relief as the Court may deem proper.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants Tri-County AG, LLC and Tri County Iron, LLC hereby demand a trial by jury in this matter which are triable by jury.

## FIRST AMENDED COUNTERCLAIMS

Incorporating by reference the foregoing paragraphs in their entirety, Tri-County Ag, LLC and Tri-County Iron, LLC (collectively "Tri-County") assert the following counterclaims against Summers Manufacturing Company, Inc.

1. These counterclaims seek a declaratory judgment to settle an actual controversy between the parties hereto with respect to the validity and infringement of the Patents-in-Suit.

## THE PARTIES

2. Counterclaim Plaintiff Tri-County Ag, LLC is a limited liability company organized under the laws of the state of Iowa, having its principal place of business in Bouton, Iowa.

3. Counterclaim Plaintiff Tri-County Iron, LLC is a limited liability company organized under the laws of the state of Iowa, having its principal place of business in Bouton, Iowa.

4. Counterclaim Defendant Summers ("Summers") is a corporation organized under the laws of the state of North Dakota, having its corporate offices and principal place of business in Devils Lake, North Dakota.

5. Summers has alleged that it owns the Patents-in-Suit and has the right to enforce the patents.

## JURISDICTION AND VENUE

6. These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act.

7. Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

8. Based on Summers' filing of this action and Tri-County's defenses, an actual controversy has arisen as to whether Tri-County has infringed or is infringing any claim of U.S. Patent Nos 9,326,439 ("the '439 Patent") and 9,462,737 ("the '737 Patent") and as to whether the '439 Patent and '737 Patent are valid and enforceable.

9. Venue for Tri-County's counterclaims is appropriate in this District pursuant to 28 U.S.C. § 1400.

## FIRST COUNTERCLAIM
## DECLARATION OF NONINFRINGEMENT – THE '439 PATENT

10. Tri-County incorporates paragraphs 1 through 9 of its Counterclaims as through fully set forth herein.

11. Tri-County Iron, LLC has manufactured and sold to customers in Iowa a mud scraper product that can be retrofitted to a John Deere 2720 or 2730 Model rolling basket (hereinafter "the Mud Scraper"). See Compl. at ¶ 7.

12. Tri-County Iron, LLC sold its first Mud Scraper in August of 2016, and continued to sell the Mud Scraper for a period of time after October 11, 2016.

13. Tri-County Ag, LLC has not manufactured, offered for sale, sold or imported the Mud Scraper.

13. The Mud Scraper does not contain one or more limitations of each independent claim of the '439 Patent, including claim 1, which is the only claim alleged in the Complaint.

14. Tri-County did not intend for its actions to result in a third party directly infringing the '439 Patent, and Tri-County denies that any third party has directly infringed the '439 Patent.

15. The Mud Scraper does not contain any part or component that has a particular use as part of some other machine or composition that infringes the '439 Patent, including those uses alleged in the Complaint.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Tri-County requests the declaration of the Court that Tri-County does not make, use, sell, offer to sell or otherwise infringe, and has not made, used, sold, offered to sell or otherwise infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '439 Patent, including claim 1 which is the only claim alleged in the Complaint.

## SECOND COUNTERCLAIM
## DECLARATION OF NONINFRINGEMENT – THE '737 PATENT

17. Tri-County incorporates paragraphs 1 through 16 of its Counterclaims as through fully set forth herein.

18. The Mud Scraper does not contain one or more limitations of each independent claim of the '737 Patent, including claim 1 which is the only claim alleged in the Complaint.

19. Tri-County did not intend for its actions to result in a third party directly infringing the '737 Patent, and Tri-County denies that any third party has directly infringed the '737 Patent.

20. The Mud Scraper does not contain any part or component that has a particular use as part of some other machine or composition that infringes the '737 Patent, including those uses alleged in the Complaint.

21. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Tri-County requests the declaration of the Court that Tri-County does not make, use, sell, offer to sell or otherwise infringe, and has not made, used, sold, offered to sell or otherwise infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '737 Patent, including claim 1 which is the only claim alleged in the Complaint.

## THIRD COUNTERCLAIM
## DECLARATION OF INVALIDITY – THE '439 PATENT

22.     Tri-County incorporates paragraphs 1–21 of its Counterclaims as through fully set forth herein.

23.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Tri-County requests the declaration of the Court that the '439 Patent is invalid because the specification and claims thereof fail to satisfy one or more of the provisions and/or requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112. The '439 Patent is invalid in view of at least European Patent EP 1639876, as well as the references cited in the '439 Patent itself, all of which are legal prior art to the '439 Patent.

## FOURTH COUNTERCLAIM
## DECLARATION OF INVALIDITY – THE '737 PATENT

24.     Tri-County incorporates paragraphs 1–23 of its Counterclaims as through fully set forth herein.

25.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Tri-County requests the declaration of the Court that the '737 Patent is invalid because the specification and claims thereof fail to satisfy one or more of the provisions and/or requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112. The '737 Patent is invalid in view of at least European Patent EP 1639876, as well as the references cited in the '737 Patent itself, all of which are legal prior art to the '737 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Tri-County prays for the following relief:

A.     An order dismissing with prejudice all claims against Tri-County and denying all relief requested by Plaintiff, including monetary and equitable relief;

B. That the Court enter judgment declaring that Tri-County does not infringe, and has not infringed, any claims of the Patents-in-Suit;

C. That the Court enter judgment declaring the claims of the Patents-in-Suit to be invalid;

D. A declaration by the Court that Tri-County does not infringe, and has not infringed, any claims of the Patents-in-Suit;

E. A declaration by the Court that the claims of the Patents-in-Suit are invalid;

F. A finding that this is an exceptional case under 35 U.S.C. § 285 and an award of Tri-County's reasonable attorney fees;

G. An award of attorneys' fees for unreasonable and vexatious litigation under 28 U.S.C. § 1927;

H. An award of Tri-County's costs and expenses; and

I. All such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants Tri-County AG, LLC and Tri County Iron, LLC hereby demand a trial by jury of all issues raised by the Counterclaims which are triable by jury.

Respectfully submitted,

*/s/ David T. Bower*
Jeffrey D. Harty
David T. Bower
NYEMASTER GOODE, P.C.
700 Walnut, Ste. 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Facsimile: (515) 283-8045
Email: jharty@nyemaster.com
dbower@nyemaster.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties involved in the case.

/s/ David T. Bower